UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER SNYDER,

    Plaintiff,

vs.                                   CASE NO. 8:12-CIV-2014-T-17-MAP

A1 PROPERTY PRESERVATION,
INC., et al.,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES AND COSTS

THIS CAUSE comes before the Court on Plaintiff, CHRISTOPHER SNYDER'S, Application for Attorney's Fees and Costs. (Dkt. 15). Defendant, A1 PROPERTY PRESERVATION, INC., opposes this motion. (Dkt. 16). The Court has considered the Plaintiff's Application and the Defendant's Opposition, as well as the Plaintiff's Reply (Dkt. 19) and Supplemental Application for Attorney's Fees and Costs (Dkt. 20).

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, Christopher Snyder, filed a complaint pursuant to the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 *et seq.*, in this Court on September 5, 2012, against A1 Property Preservation Inc. (Dkt. 1). Plaintiff sought payment of unpaid

1

overtime wages, liquidated damages, and attorney's fees and costs. *Id.* On December 21, 2012, the Plaintiff accepted the Defendant's Offer of Judgment for $275.00, inclusive of liquidated damages, plus reasonable attorney's fees and costs. (Dkt. 10). Therefore the Court entered judgment in Plaintiff's favor on January 3, 2013 and dismissed the claim with prejudice. (Dkt. 11). Plaintiff then filed an Application for Attorney's Fees and Costs, which the Defendant opposed. (Dkt. 16). The Plaintiff then filed a Reply to the Defendant's Opposition, as well as a Supplemental Application for Attorney's Fees and Costs. (Dkt. 19, 20).

## STANDARD OF REVIEW

The FLSA states that the Court "shall . . . allow a reasonable attorney's fee to be paid by the defendant" to a prevailing plaintiff. 29. U.S.C. § 216(b) (2008). This award is mandatory, not discretionary. *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). In order to determine an award of attorney's fees, the Court should multiply the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Reasonable hourly rates are determined using the prevailing market value "in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *ACLU v. Barnes*, 168 F. 3d 423, 436 (11th Cir. 1999).

It falls to the applicant for attorney's fees to produce "evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433. Such evidence should consist of more than "'the affidavit of the attorney performing the work.'" *Norman v. Housing*

*Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (quoting *Blum v. Stenson*, 465 U.S. 886, n.11 (1984)).

If such evidence is inadequate, or if the "fees claimed seem expanded," the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value." *Id.* at 1303. If, in its judgment, the Court finds that the requested fees are too high, it may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)).

The Court may also consider other factors including the following: time and labor required; novelty and difficulty of the issues involved; skill requisite to perform the services properly; likelihood that the matter will preclude other employment by the lawyer; fee customarily charged for similar legal services in the area; amount involved and result obtained; time limitations the client or circumstances place on the lawyer; nature and length of the professional relationship with the client; experience, reputation, and ability of the lawyer performing the services; the type of fee, fixed or contingent; and the benefit to non-parties. *See Norman*, 836 F.2d at 1299 (citing *Johnson v. Ga. Highway Express*, 488 F.2d 714 (5th Cir. 1974)).

## **DISCUSSION**

As Plaintiff's counsel pointed out in his Reply, no special circumstances exist in

this case to entirely deny attorney's fees to the prevailing plaintiff in a FLSA dispute. Since the parties do not dispute that the Plaintiff has prevailed, he is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

Defendants rely on *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241 (11th Cir. 2009), to argue that Plaintiff's award for attorney's fees should be zero because he did not give pre-suit notice. (Dkt. 16). However, in *Sahyers*, the court was very careful to avoid setting a requirement for pre-suit notice; it specifically "put aside cases in which lawyers [were] not parties." 560 F.3d at 1246. As these parties are not lawyers, the Court will award *some* fees and costs to Plaintiff. However, the Court finds that the requested sum is unreasonably high.

**I. Hourly Rate**

Plaintiff's attorney, Mr. Shulby, submitted an application for fees which is unaccompanied by a statement from an independent attorney practicing in the area as to the reasonableness of his hourly rate. Instead, he cites to a number of cases in the Eleventh Circuit in which attorneys working on similar FLSA cases were awarded rates close to $350 an hour. (Dkt. 15); *see Arlozynski v. Law Office of Thomas Landis*, Case No. 8:11-cv-1241-T-27AEP (M.D. Fla. 2011) (D.E. 23) ($350 rate uncontested); *Brooks v. Peer Review Mediation & Arbitration, Inc.*, 2012 WL 5410405, at *4 (S.D. Fla. Nov. 6, 2012) (finding $350 to be on the "high end" of reasonable for a case involving multiple issues); *Screen v. Clean Image of Miami, Inc.*, 2012 WL 3001525, at *3 (S.D. Fla. July 23, 2012) (reducing the attorney's requested rate from $350 to $325); *Bianchi v. Bronson*

& *Migliaccio, LLP*, 2011 WL 379115, at *2 (S.D. Fla. Feb. 2, 2011) ($350 rate uncontested); *Machado v. DaVittorio, LLC*, 2010 WL 2949618, at *2 (S.D. Fla. July 26, 2010) ($350 rate uncontested).

However, uncontested awards are not "convincing evidence of . . . reasonable market rates." *Lewis v. Florida Default Law Group, P.L.*, 2012 WL 252837, at *2 (M.D. Fla. Jan. 26, 2012). In recent FLSA cases where the fee award was contested, the hourly rates have been notably lower. *See id.* at *2 (reducing a twenty-year lawyer's requested rate of $400 to $300); *Nipper v. Lakeland Hotel Investors, Ltd.*, 2010 WL 4941718, at **5–6 (M.D. Fla. Nov. 30, 2012) (reducing a twenty-year lawyer's requested rate of $340 to $250). Based on the Court's review of the record and the relevant case law, including cases involving Mr. Shulby, an hourly rate of $300 is more reasonable in the extant case.

## II. *Johnson* Factors

Since Mr. Shulby has been unable to show that his requested hourly rate is reasonable, the Court may consider other factors in determining a reasonable rate, including complexity, novelty of issues, skill required, and more. *See Norman*, 836 F.2d at 1299 (citing *Johnson*, 488 F.2d 714). In this case, there were no hearings, no mediations, no dispositive motions or motions for discovery filed, and no trial. The dispute involved only one plaintiff and one defendant. (Dkt. 1). The issues were of a type that Mr. Shulby is exceedingly familiar with, having litigated numerous FLSA cases in this district. *See Knappins v. Bowling LLC*, 2009 WL 3429800, at *2 (M.D. Fla. Oct. 21, 2009) (describing a "deluge of FLSA and ADA cases" filed by Mr. Shulby in the Middle

District of Florida). The case was open for four months. (Dkt. 1, 12). In short, this case did not require a great deal of time and labor, did not present novel or difficult issues, and did not require extraordinary skill to perform the services properly.

As to the amount involved and the result obtained, the requested award for attorney's fees dwarfs the amount of the Plaintiff's recovery. Mr. Shulby requests a total of $6,300 in fees, while Mr. Snyder, the Plaintiff, recovered only $275. (Dkt. 15, 16, 20). In *Knappins*, the Court found that the requested attorney's fees were excessive where the Plaintiff's recovery was 24% of the request. 2009 WL 3429800 at *2. Here, the award is only 4% of the total request. Defendants urge the Court to reduce the amount of fees to $1,000, as the Court did in *Sullivan v. Magic City Doughnut Corporation*. 2011 WL 3516127 (M.D. Fla. July 19, 2011) (finding that a large reduction was appropriate where counsel attempted to take advantage of a defaulting defendant). However, this Court finds that an 82% across-the-board reduction is unnecessary. Instead, a 30% reduction is appropriate, to include both the fees requested in Mr. Shulby's original Application and his Supplemental Application. *See Knappins*, 2009 WL 3429800 at *2 (finding that a 30% reduction in fees was appropriate in a similar, simple FLSA case).

As for costs, there is no itemization of the 125 copies, nor any showing as to the reasonableness of their cost. Absent these showings, the Court rejects this cost, in total. Plaintiff is entitled to the filing fee, postage costs, the cost of service of process, and nothing further. *Sullivan*, 2011 WL 3516127 at *4.

**ORDERED** that Plaintiff's Application for Attorney's Fees and Costs (Dkt.15, 20) is **GRANTED** as follows: Attorney's fees in the amount of $3,780.00 and additional fees and costs in the amount of $493.20.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 19th day of June, 2013.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE